UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE COX, JR., a/k/a ABBUE-JAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-3234 SRC |
| | ) | |
| AUDREY G. FLEISSIG, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Willie Cox, Jr., a/k/a Abbue-Jah, for leave to proceed in forma pauperis in this civil action. ECF No. 2. For the reasons explained below, the motion will be denied, and this case will be dismissed.

**Legal Standard on Initial Review**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to closely screen cases where, as here, there is an application to proceed in forma pauperis. The Court may deny a litigant leave to proceed in forma pauperis and dismiss an action if it determines that the complaint is frivolous or malicious. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A complaint is malicious if it was filed for the purpose of harassing the named defendant and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987).

When considering whether a complaint is malicious, the Court may refer to objective factors such as the circumstances surrounding the filing and the nature of the allegations. *Id.* Additionally, the Eighth Circuit has recognized that "malicious" applies to situations where the complaint is "plainly part of a longstanding pattern of abusive and repetitious lawsuits." *Horsey*

*v. Asher,* 741 F.2d 209, 213 (8th Cir. 1984); *Cooper v. Wood,* 111 F.3d 135 (8th Cir. 1997) (unpublished); *see also In re McDonald,* 489 U.S. 180 (1989) (leave to proceed in forma pauperis can be denied based in part on prior abusive litigation).

## Background

The case at bar is one of many interrelated civil rights actions plaintiff has filed pro se and in forma pauperis in this Court since September 17, 2019.[1] As of the date of this Memorandum and Order, all of plaintiff's cases that have been reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B) have been dismissed for one of the reasons set forth therein. In *Cox v. City of Clayton*, 4:19-cv-03091-RLW, the Honorable Ronnie L. White determined that plaintiff's repeated filing of frivolous and interrelated lawsuits amounted to abuse of the judicial process, and cautioned him that restrictions may be imposed if he continued the practice. On November 22, 2019, plaintiff began filing lawsuits seeking damages against the District Judges of this Court who dismissed his cases.[2] On December 10, 2019, the judges of the Eastern District of Missouri *en banc* issued an

---

[1] *See Cox v. Lang*, 4:19-cv-2585-NAB (E.D. Mo. Sept. 17, 2019); *Cox v. Atchison*, 4:19-cv-2586-JAR (E.D. Mo. Sept. 17, 2019); *Cox v. Hartman,* 4:19-cv-2587 (E.D. Mo. Sept. 17, 2019); *Cox v. Anello*, 4:19-cv-2588-AGF (E.D. Mo. Sept. 17, 2019); *Cox v. Walz*, 4:19-cv-2589-SRC (E.D. Mo. Sept. 17, 2019); *Cox v. Hulsey*, 4:19-cv-2592-SRC (E.D. Mo. Sept. 17, 2019); *Cox v. Morrow*, 4:19-cv-2593-JAR (E.D. Mo. Sept. 17, 2019); *Cox v. Grammer*, 4:19-cv-2662-PLC (E.D. Mo. Sept. 30, 2019); *Cox v. Crotzer*, 4:19-cv-2727-RLW (E.D. Mo. Oct. 7, 2019); *Cox v. Dewly*, 4:19-cv-2744-JAR (E.D. Mo. Oct. 9, 2019); *Cox v. Dodson*, 4:19-cv-2748-AGF (E.D. Mo. Oct. 9, 2019); *Cox v. Walker*, 4:19-cv-2764-RLW (E.D. Mo. Oct. 10, 2019); *Cox v. City of University City, Missouri*, 4:19-cv-2923-JCH (E.D. Mo. Oct. 28, 2019); *Cox v. Brentwood, Missouri, City of*, 4:19-cv-3067-PLC (E.D. Mo. Nov. 7, 2019); *Cox v. City of Clayton*, 4:19-cv-3091-RLW (E.D. Mo. Nov. 12, 2019); *Cox v. Ferguson, City of*, 4:19-cv-3115-SNLJ (E.D. Mo. Nov. 18, 2019); *Cox v. Shelton*, 4:19-cv-3182-PLC (E.D. Mo. Dec. 3, 2019); *Cox v. Dignam*, 4:19-cv-3183-JMB (E.D. Mo. Dec. 3, 2019); and *Cox v. Dewey*, 4:19-cv-3253-JCH (E.D. Mo. Dec. 11, 2019).

[2] *See Cox v. Fleissig*, 4:19-cv-3133-SRC (E.D. Mo. Nov. 22, 2019); *Cox v. Autrey,* 4:19-cv-3143-SNLJ (E.D. Mo. Nov. 25, 2019); *Cox v. Autrey,* 4:19-cv-3144-JCH (E.D. Mo. Nov. 25, 2019); *Cox v. Ross,* 4:19-cv-3152-SNLJ (E.D. Mo. Nov. 25, 2019); *Cox v. Ross,* 4:19-cv-3153-HEA (E.D. Mo. Nov. 25, 2019); *Cox v. Ross,* 4:19-cv-3156-JMB (E.D. Mo. Nov. 26, 2019); *Cox v. Ross,* 4:19-cv-3157-DDN (E.D. Mo. Nov. 26, 2019); *Cox v. Clark,* 4:19-cv-3175-AGF (E.D. Mo. Nov. 27, 2019); *Cox v. Hamilton,* 4:19-cv-3202-HEA (E.D. Mo. Dec. 5, 2019); *Cox v. Fleissig,* 4:19-cv-3234-SRC (E.D. Mo. Dec. 10, 2019); *Cox v. Limbaugh,* 4:19-cv-3235-AGF (E.D. Mo. Dec. 10, 2019); *Cox v. White,* 4:19-cv-3257-AGF (E.D. Mo. Dec. 11, 2019); and *Cox v. Hamilton,* 4:19-cv-3261-HEA (E.D. Mo. Dec. 11, 2019).

order giving plaintiff ten days to show cause as to why he should not be prohibited from filing future actions in this Court without first obtaining leave of the Court.

**The Complaint**

Plaintiff brings this action against the Honorable Audrey G. Fleissig. His statement of the claim is as follows:

> What:
> Constitutional right violated
> When:
> It happened when Ms. Audrey G. Fleissig violated it.
> Where:
> Where Ms. Audrey G. Fleissig was when she violated it.
> Injuries:
> Intentional emotional distress when I received constitutional right violation from Ms. Audrey G. Fleissig.
> Ms. Audrey G. Fleissig (in her person) violated her oath and failed to uphold and protect my constitutional right.

ECF No. 1 at 5. Attached to plaintiff's complaint are three type-written pages directed to the attention of defendant Judge Fleissig and titled "Judicial Notice to Challenge the Courts Jurisdiction." ECF No. 1-1. Plaintiff states that he seeks to "challenge the court's jurisdiction of case number 4:19-CV-2748 AGF, decided in favor of the defendant, who is also an officer of the court, by Ms. Audrey G. Fleissig."[3] *Id.* at 1. Plaintiff lists some case citations interspersed with arguments. As best the Court can decipher, it seems plaintiff is arguing that traffic tickets are not allowed under the U.S. Constitution because the right to travel cannot be infringed, as such the Court lacked jurisdiction. Plaintiff signed his attachment: "Willie Cox Jr. (Abbue-Jah) 'The Beneficiary of the Contract.'" *Id.* at 2. Plaintiff seeks a total of $6.4 million in damages.

**Discussion**

---

[3] On November 18, 2019, Judge Fleissig dismissed plaintiff's case *Cox v. Dodson*, 4:19-cv-2748-AGF (E.D. Mo. Oct. 9, 2019), which was a 42 U.S.C. § 1983 suit brought against the Honorable Jason David Dodson, a Circuit Court Judge in St. Louis County. In that case, plaintiff asserted that Judge Dodson acted unlawfully in denying him a right to a jury trial in an action he was defending regarding a traffic stop.

The Court finds that plaintiff's in forma pauperis application should be denied and this action should be dismissed because the complaint is frivolous and malicious. The complaint is frivolous because judges generally cannot be sued for monetary relief based on alleged judicial misconduct, and nothing in the instant complaint establishes that Judge Fleissig acted in the absence of jurisdiction or outside her judicial capacity. *See Imbler v. Pachtman*, 424 U.S. 409, 434-35 (1976) (citing *Pierson v. Ray*, 386 U.S. 547 (1967)). The complaint is malicious because it is clear from the circumstances surrounding the filing and the nature of the allegations that plaintiff filed the complaint to harass and disparage Judge Fleissig for ruling against him, *see Spencer*, 656 F. Supp. at 461-63, and because the complaint is clearly part of a pattern of abusive and repetitious lawsuits. *See Horsey,* 741 F.2d at 213.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). A separate order of dismissal will be entered herewith.

Dated this 17th day of December, 2019.

_SL R. CQ_

———————————————————
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE